**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re, <br><br> Albert Donovan Haynes, <br><br><br> Debtor(s). | C/A No. 15-02555-HB <br><br> Adv. Pro. No. 15-80159-HB <br><br> Chapter 7 |
| Judy A Robbins, United States Trustee for Region Four, <br><br><br> Plaintiff(s), <br><br> v. <br><br> Albert Donovan Haynes, <br><br><br> Defendant(s). | **ORDER DENYING DEBTOR'S DISCHARGE** |

**THIS MATTER** was initiated by Judy A. Robbins, the United States Trustee for Region Four (the "UST"), seeking denial of Albert Donovan Haynes' bankruptcy discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (a)(2)(A) & (B),[1] or in the alternative, dismissal of Haynes' bankruptcy case with prejudice for one year for bad faith pursuant to § 707(b). A trial was held on March 23, 2016. Present at the trial were Linda K. Barr, counsel for the UST, Haynes, and his counsel, Paul L. Held. Robert Doyle, formerly a paralegal specialist for the UST assigned to Haynes' case, and Haynes testified at the trial.

After considering the pleadings, the evidence and testimony presented, and counsels' arguments, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

### FINDINGS OF FACT

Many facts are not in dispute and were established by the Court's prior Order on Summary Judgment.[2] The Joint Statement filed by the parties prior to trial indicated no objection to the exhibits submitted by the UST.[3]

### The Original Disclosures

On May 11, 2015, Haynes filed the present bankruptcy case, *pro se*, and submitted his bankruptcy schedules and statements signed under penalty of perjury ("Original Schedules").

### Additional Assets Disclosed at the § 341 Meeting

One month later on June 12, 2015, at the initial meeting of creditors held pursuant to § 341 ("§ 341 Meeting"), Haynes testified under oath that he disclosed everything he owned in the Original Schedules.[4] However, Barr, present on behalf of the UST, was aware of additional assets that had not been disclosed in the Original Schedules and asked Haynes specifically whether he still owned two framed USC jerseys, a framed painting by Steve Long, certain jewelry, including a watch, a 1999 Mitsubishi Sport, an IRA valued at $5,000.00, clothing, sporting goods, and ownership interests in the following businesses: RightWay Services, Athletes United, ABS Diabetes Center, and ABS Transportation. Only after Barr's deliberate questioning did Haynes admit to current ownership of the aforementioned assets with the exception of one of the USC jerseys. The businesses and assets were not disclosed in the Original Schedules. The only hint of a business interest of any kind was found in

---

[2] ECF No. 31, filed Jan. 27, 2016.
[3] ECF No. 36, filed Feb. 23, 2016.
[4] On June 12, 2015, prior to the § 341 Meeting, Haynes filed an amended Official Form 6—Statistical Summary of Certain Liabilities and Related Data, Summary of Schedules, and Schedule F—Creditors Holding Unsecured Nonpriority Claims. Although the pages are organized differently, the Amended Schedule F lists the same creditors and claims as were listed on the Original Schedule F, with the exception of two creditors listed on page 17 of Original Schedule F (page 17 was omitted in the amendment). It appears that Schedule F was amended to show that all of the unsecured claims are disputed by Haynes which was not previously indicated in the Original Schedules.

2

Haynes' Statement of Financial Affairs ("SOFA") filed with the Original Schedules, in which he indicated that he received income in the amount of $27,550 from unidentified self-employment.[5] The § 341 Meeting was continued to June 26, 2015, to allow Haynes to correct his schedules to add any undisclosed assets.[6]

**First Amendment to Schedules and Statements**

On June 23, 2015, Haynes, *pro se*, filed an amended Schedule B ("Amended Schedules") signed under penalty of perjury adding the following, numbered and itemized as they appear in that document:

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTIONS |
|---|---|---|---|---|
| … | | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | USC Award, 2 football jerseys, autographed painting by Steve Long; 2 autographed footballs | | 500.00 |
| 6. Wearing apparel. | | Clothes, Shoes | | 1,000.00 |
| 7. Furs and jewelry. | | 4 watches: USC, Kenneth Cole, Polo, 2 USC ring [sic] | | 500.00 |
| … | | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Fidelity IRA | | 5,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | Owner of 4 Businesses however Debtor ownes [sic] no stocks and interests and earns sallary [sic] only. | | 0.00 |
| … | | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Mitsubishi Montero Sport XLS, Vin # JA4LS31HOXP001495; 300,000 plus miles | | 500.00 |

---

[5] This information was provided in response to Question 1 of the SOFA, Official Form 7, which was replaced by the revised SOFA, Official Form 107 on December 1, 2015.
[6] The § 341 Meeting was continued again to July 10, 2015. The UST submitted transcripts of the § 341 Meetings held in the present case on June 12, 2015, and July 10, 2015, only.

3

Haynes failed to disclose the aforementioned assets on his Original Schedules by marking "None" to Questions 5, 6, 7, 12, 13, and 25 of Schedule B.

**Second Amendment to Schedules**

On June 24, 2015, attorney Latonya Dilligard Edwards filed a notice of appearance indicating that she had been retained by Haynes for the limited purpose of representing him at the upcoming, continued § 341 Meeting. On July 7, 2015, Edwards attempted to withdraw her notice of appearance because of "[Haynes'] inability to supply sufficient information to amend [Haynes'] *pro se* Chapter 7 Bankruptcy petition." Haynes objected and disagreed with Edwards' assertions regarding his conduct. However, he later agreed that Edwards should no longer represent him due to their differences and she was allowed to withdraw.[7] Haynes testified at the continued § 341 Meeting held on July 10, 2015, that Edwards helped Haynes amend his schedules by providing certain corrections to his Schedule B.

On July 9, 2015, Haynes filed a second amended Schedule B, adding the following personal property in response to Questions 14, 28, and 30, which were not previously disclosed in the Original or Amended Schedules:

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTIONS |
|---|---|---|---|---|
| … | | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | Owner of 4 Businesses with 0% interests. See attched [sic] | | 0.00 |
| … | | | | |
| 28. Office equipment, furnishings, and supplies. | | desk, chair, lamp, printer/copier, fax machine, office supplies. | | 200.00 |
| … | | | | |
| 30. Inventory. | | See attached inventory list | | 8,435.00 |

---

[7] A hearing was held on July 31, 2015, and an Order allowing Edwards' withdrawal was entered on August 4, 2015.

4

Attached to the filing is an Addendum to Schedule B indicating that Haynes has ownership interest in ABS Transportation, LLC, which owns: a 2000 Ford Taurus, valued therein at $250.00; a 2002 Dodge Caravan, valued at $250.00; a 2004 Chevy Venture, valued at $1,500.00; and a Dodge Stratus, valued at $1,500.00. In addition to ABS Transportation, LLC, the Addendum disclosed ownership interest in RightWay Services valued therein at $180.00, Athletes United valued at $28.00, and ABS Diabetes valued at $0.00, none of which own any property. In the Original and Amended Schedule B, Haynes marked "None" to Questions 14, 28, and 30.

### The Adversary Proceeding and the Status of the Bankruptcy Case

On August 21, 2015, the Chapter 7 Trustee filed a notice in the bankruptcy case indicating that after due inquiry, there are no unencumbered assets available for distribution to creditors in this case. Prior to that time, the UST filed a Complaint on August 7, 2015, seeking denial of Haynes' discharge. Haynes filed an Answer, *pro se*, on September 4, 2015.

The Court entered an order setting a deadline for discovery of November 9, 2015. On December 8, 2015, the UST filed a Motion for Summary Judgment with supporting exhibits. Haynes responded, *pro se*, and filed his own Motion for Summary Judgment on January 5, 2016. Attorney Paul Held appeared with Haynes for the first time at the January 13, 2016 hearing on the UST's Motion and has represented Haynes since.[8]

### Third Amendment to Schedules

On January 10, 2016, eight months after the Original Schedules were filed, an Amended SOFA was filed indicating previously undisclosed sources of income in the amount of $32,100.00 for the 2015 calendar year, $33,900.00 for the 2014 calendar year, and

---

[8] Paul Held filed a Notice of Appearance on behalf of Haynes on January 10, 2016.

5

$35,500.00 for the 2013 calendar year,[9] as well as ownership interests in Athletes United, RightWay Services, ABS Diabetes Awareness Center & Education, and ABS Transportation.[10] Although questioned by Barr about these businesses at the June 12, 2015 § 341 Meeting, Haynes did not amend his SOFA to disclose these businesses and the income received therefrom until this time. The Chapter 7 Trustee did not take any action to pursue any assets as a result of the amendment.

## The Summary Judgment Order

The Court entered an Order on the UST's Motion for Summary Judgment on January 27, 2016, finding that Haynes failed to disclose numerous assets on his Original Schedules. However, the Court found a trial must be held on the issues of materiality and intent under §§ 727(a)(2) and (a)(4)(A). The Court, therefore, denied the UST's Motion and Haynes' Cross-Motion for Summary Judgment and scheduled a trial, allowing Haynes an opportunity to explain the omissions and incorrect statements.

## The Trial

At the March 23, 2016 trial, Haynes testified that he is graduate of the University of South Carolina where he majored in business. He testified that since graduation he has owned and operated numerous businesses.

He further testified that as of the date of the trial, all schedules and statements have been amended to disclose all of his assets. Haynes offered little explanation for his initial

---

[9] This information was included in response to Question 4 of the SOFA, Official Form 107, as revised on December 1, 2015. This question solicits substantially the same information as Question 1 of the SOFA, Official Form 7.

[10] This information was provided in response to Question 27 of the SOFA, Official Form 107, as revised on December 1, 2015, which seeks information regarding a debtor's ownership interest in any business within four years prior to filing for bankruptcy. This question solicits substantially the same information as Question 18 of the SOFA, Official Form 7.

failure to fully disclose his assets in earlier filings and for the delay in making corrections. He testified that the omissions were due to either an error on his part or an oversight.

The UST presented evidence of Haynes' prior bankruptcy filings. On November 2, 2012, Haynes, *pro se*, filed his first bankruptcy case under Chapter 7, C/A No. 12-06884-jw. The first case was dismissed after notice and a contested hearing with the Court finding that Haynes failed to file accurate and complete bankruptcy schedules and statements, including failure to list bank accounts, jewelry, ownership interests in companies, any vehicle, and historical financial information.

On May 2, 2013, Haynes, *pro se*, filed a second bankruptcy case under Chapter 13, C/A No. 13-02610-jw. The Chapter 13 Trustee moved for dismissal with prejudice due to Haynes' failure to file a plan that complied with the confirmation standards and due to the filing of inaccurate and incomplete schedules. Before that matter was heard, the Court granted Haynes' request for a voluntary dismissal without prejudice.

On October 4, 2013, Haynes, *pro se*, filed for Chapter 13 relief, C/A No. 13-05901-jw. The third case was dismissed due to Haynes' failure to receive a credit counseling briefing during the 180-day period prior to the filing of his petition as required by § 521(a). The Court held a supplemental hearing on December 5, 2013, to consider whether the dismissal should be with prejudice due to Haynes' repetitive filings and failure to comply with Local Rules ("Show Cause Hearing"). Prior to the Show Cause Hearing, Haynes obtained attorney Jane Downey to assist him. As part of Haynes' defense, Downey provided a draft of proposed amended schedules ("Draft Schedules") which disclosed significant assets previously omitted in that case including: (1) ownership interests in RightWay Services, Inc., ABS Transportation, LLC, Athletes United, and ABS Diabetes Center, LLC, valued therein at

7

$1,500, $22,000, $7,000 and $45, respectively; (2) household goods, two framed USC jerseys, a framed painting by Steve Long, a CD collection, wearing apparel, and jewelry valued therein at $19,560; (3) an IRA valued at $5,000; and (4) a 1999 Mitsubishi Sports XLS valued at $3,500.[11] On December 6, 2013, after the contested Show Cause Hearing, the Court amended its dismissal order to include a prejudice period of one year from the date of entry of the order to bar refiling as to all bankruptcy chapters and found Haynes "has repeatedly failed to fully disclose the extent of his assets and income in his bankruptcy cases." Haynes, *pro se*, appealed the Court's order, which was affirmed by the District Court by order entered on February 19, 2015.

Because Barr was present at the Show Cause Hearing, she was aware of the Draft Schedules, Haynes' testimony, and the assets disclosed at that hearing that were not disclosed in the Original Schedules filed in this case and did not appear elsewhere in the Court's public records at filing. Haynes testified that although he had a copy of the Draft Schedules when he filed the current case, he did not rely on them in completing the Original Schedules filed in the present case because the Draft Schedules were prepared for a Chapter 13 case and this case was filed under Chapter 7. Haynes agreed that the formats and questions of the schedules are the same or substantially similar for both Chapters.

---

[11] A portion of the Draft Schedules was attached to Haynes' Amended Schedules filed in the present case on June 23, 2015, revealing the IRA and ownership interest in RightWay Services, Inc., ABS Transportation, LLC, Athletes United, and ABS Diabetes Center, LLC. However, the Draft Schedules were never filed in the prior case and were only submitted as an exhibit at the Show Cause Hearing.

8

**DISCUSSION AND CONCLUSIONS OF LAW**

**I.    JURISDICTION**

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J) and the parties have consented to this Court entering a final order in this matter.

**II.   BURDEN OF PROOF**

"The Bankruptcy Code favors discharge of an honest debtor's debts and the provisions denying a discharge to a debtor are generally construed liberally in favor of the debtor and strictly against the creditor." *In re Weldon*, 184 B.R. 710, 712 (Bankr. D.S.C. 1995).  A plaintiff objecting to a debtor's discharge under § 727 must prove its case by a preponderance of the evidence. *In re Hooper*, 274 B.R. 210, 214–15 (Bankr. D.S.C. 2001).  Once a plaintiff establishes a *prima facie* case, the burden then shifts to the debtor defendant to offer credible evidence to satisfactorily explain his conduct. *Id.*  The ultimate burden, however, remains on the plaintiff objecting to discharge. *Id.* (citing *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 249 (4th Cir. 1994)).

**III.  11 U.S.C. § 727(A)(2)(A) & (B)**

The UST argues that Haynes should be denied a discharge under § 727(a)(2)[12] because he knowingly concealed property of the estate by failing to disclose certain personal property and business entities on his bankruptcy schedules.  "Denial of discharge based upon

---

[12] This provision of the Bankruptcy Code provides the Court shall grant the debtor a discharge, unless:
    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
        (A) property of the debtor, within one year before the date of the filing of the petition; or
        (B) property of the estate, after the date of the filing of the petition;
11 U.S.C. § 727(a)(2).

9

concealment through omissions from the statements of financial affairs and schedules is covered by § 727(a)(4), not § 727(a)(2)(A)." *In re Osborne*, 476 B.R. 284, 293 (Bankr. D. Kan. 2012); *see In re Boone*, 236 B.R. 275, 279 (Bankr. M.D. Fla. 1999) (finding that a debtor's failure to schedule household goods and furnishings may form the basis for a false oath in bankruptcy but would not qualify as actionable concealment). "[A] 'concealment' of property constituting grounds for denial of discharge should involve a secreting of assets[,] e.g. the hiding of assets from the reach of creditors for the purpose of secretly exempting a portion of the estate which would otherwise be payable to creditors through the bankruptcy proceeding." *Miles Employee Fed. Credit Union v. Griffin*, 22 B.R. 821, 826 (Bankr. S.D. Ohio 1982); *see also In re Maletta*, 159 B.R. 108, 116 (Bankr. D. Conn. 1993) ("Concealment of property under § 727(a)(2)(A) means that the debtor has transferred legal title to his property to a third party while retaining a secret interest."). On the facts of this case, the requested relief is more appropriately pursued under § 727(a)(4)(A) as discussed below.

## IV.   11 U.S.C. § 727(A)(4)(A)

Section 727(a)(4)(A) of the Bankruptcy Code provides "the Court shall grant a debtor a discharge unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." The elements of § 727(a)(4)(A) are: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000). Whether the debtor has made a false oath under § 727(a)(4)(A) is a question of fact. *In re Ward*, C/A No. 11-04760-DD, 2012 WL 3201871, at *9 (Bankr. D.S.C. Aug. 2, 2012) (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251 (4th Cir. 1987)). "A

10

fundamental purpose of § 727(a)(4)(A) is to ensure that dependable information is supplied for those interested in the administration of the bankruptcy estate on which they can rely without the need for the trustee or other interested parties to dig out the true facts in examinations or investigations." *In re Haverland*, 150 B.R. 768, 770 (Bankr. S.D. Cal. 1993) (internal quotations omitted). The evidence indicates that elements (1), (2), and (3) are clearly met. Pursuant to the Court's Order on Summary Judgment, the only remaining consideration is whether Haynes made the false statements with fraudulent intent and whether the statements related materially to the bankruptcy case. The Court finds that the UST has met its burden of proof on these remaining issues and denial of Haynes' discharge pursuant to § 727(a)(4)(A) is warranted.

    a. **MATERIALITY**

Although ultimately Haynes' bankruptcy was deemed a no-asset case, the omissions and misstatements were material. "A matter is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Ward*, 2012 WL 3201871, at *9 (citing *Williamson*, 828 F.2d at 252); *Hooper*, 274 B.R. at 219; *In re Brenes*, 261 B.R. 322, 334 (Bankr. D. Conn. 2001) ("A statement is considered material if it is pertinent to the discovery of assets."). The materiality of a false statement does not depend on the extent of prejudice or harm to creditors. *In re Goldman*, 37 F.2d 97, 98 (2d Cir. 1930); *In re Sicari*, 187 B.R. 861, 881 (Bankr. S.D.N.Y. 1994) ("Detriment or prejudice to a creditor is not an element of materiality."). Therefore, "even worthless assets and unprofitable business transactions must be disclosed." *In re Gannon*, 173 B.R. 313, 320 (Bankr. S.D.N.Y. 1994).

11

The purpose of requiring a debtor to disclose all assets and business dealings is to ensure that creditors and the trustee have reliable and accurate information in which they can rely on to determine the status of the debtor's financial affairs and to trace a debtor's financial history. *Id.* at 321. "The bankruptcy schedules and statements of affairs are carefully designed to elicit certain information necessary to the proper administration and adjudication of the case. To allow the Debtor to use his discretion in determining the relevant information to disclose would create an end-run around this strictly crafted system." *Weldon*, 184 B.R. at 715. A debtor may not fail to disclose assets or required information because he deems the disclosure irrelevant or the item without value to the estate. Likewise, a debtor seeking a discharge may not take the duty to disclose so lightly that considerable omissions or misstatements are made.

Furthermore, a later amendment to a debtor's schedules to correct a false oath does not cure the initial falsity of schedules or preclude denial of the debtor's discharge. *Gannon*, 173 B.R. at 320; *In re Smith*, 161 B.R. 989, 992 (Bankr. E.D. Ark. 1993); *In re Cline*, 48 B.R. 581, 585 (Bankr. E.D. Tenn. 1985). "Bankruptcy is not a game of hide and seek that [a] Debtor plays with the Trustee and the Court. Full disclosure is the *quid pro quo* for a debtor's discharge." *Ward*, 2012 WL 3201871, at *8 (quoting *Anderson v. Walker,* C/A No. 99-09899-jw, Adv. No. 00-80086-jw, slip op. (Bankr. D.S.C. Jan. 5, 2001)). The UST has met its burden regarding materiality.

    b. *INTENT*

Intent can be shown by direct evidence or circumstantial evidence or inferences drawn from a course of conduct. *Hooper*, 274 B.R. at 219. "[T]he fraudulent intent element is satisfied if a debtor has exhibited a reckless indifference to the truth, and courts have found

12

this reckless indifference where the number of errors in the debtor's oaths produces a cumulative effect that indicates a pattern of cavalier disregard for the truth." *Id.* (citing *Hatton v. Spencer (In re Hatton)*, 204 B.R. 477, 484 (E.D. Va. 1997)); *Ward*, 2012 WL 3201871, at *9 ("Fraudulent intent can also be satisfied by a reckless indifference or a pattern of cavalier disregard for the truth."). "Courts are often understanding of a single omission or error resulting from an innocent mistake, but multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth." *In re Berger*, 497 B.R. 47, 56 (Bankr. D.N.D. 2013).

The record indicates that Haynes is an educated business man, he was fully aware of the existence of certain assets and his interest therein, and yet he failed to include numerous assets in his Original Schedules. Haynes disclosed additional assets only after he was impelled by the UST's questioning at the § 341 Meeting. Thereafter, he was in no hurry to make full and accurate disclosures and corrections. The final amendment to Haynes' schedules and statements was filed only three days before the hearing on the UST's Motion for Summary Judgment. Haynes offered little evidence or explanation for the Court to understand the number and scope of the omissions and misstatements. At a minimum, the Court finds that Haynes' conduct indicates a reckless indifference for the truth and for his obligations as a debtor seeking protection of the Bankruptcy Code. Therefore, the UST has met its burden regarding intent.

The Court reached this conclusion before considering the evidence presented by the UST detailing Haynes' prior bankruptcy experiences. Haynes asserts that his prior bankruptcy filings and schedules are not relevant to the current proceeding.[13] Although a false oath made

---

[13] In closing arguments, Haynes' counsel asserted that the legal defenses of *res judicata* and/or collateral estoppel applied. However, those arguments were not supported with applicable law or supporting facts.

by a debtor in a prior case cannot be grounds for denial of a debtor's discharge in a subsequently filed case, such filings are admissible evidence based on relevancy to determine whether the evidence tends to make a fact more or less probable. *See In re Taylor*, No. 11-60587, 2014 WL 1330561, at *5–6 (Bankr. S.D. Ga. Mar. 31, 2014) (distinguishing *Micoz v. Carter (In re Carter)*, 125 B.R. 631 (Bankr. D. Utah 1991)). The prior bankruptcy evidence is highly relevant in that it proves Haynes' knowledge of omitted assets at the time of filing, his notice that disclosure of those assets and interests would be responsive to questions posed in the bankruptcy schedules and statements, and his understanding of the gravity of a failure to file timely schedules and statements that fully disclose information. Adding the historical evidence to the Court's consideration of Haynes' intent leaves no question that his conduct indicates a reckless indifference for the truth and for his obligations as a debtor seeking protection of the Bankruptcy Code.

### V.    11 U.S.C. § 707(b)

Given the decision set forth above, consideration of the alternate relief requested pursuant to § 707(b) is unnecessary.

**IT IS, THEREFORE, ORDERED** that Albert Donovan Haynes is denied a discharge in his pending Chapter 7 case, C/A No. 15-02555-hb, pursuant to § 727(a)(4)(A).

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/08/2016**



_____
US Bankruptcy Judge
District of South Carolina

Entered: 04/08/2016